**SONG YING HUANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–5012–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Acting Attorney General Peter D. Keisler as respondent in this case.

74

Yan Wang, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Lindsay B. Glauner, Trial Attorney; Jessica R. Cusick, Law Student Intern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Song Ying Huang, a native and citizen of the People's Republic of China, seeks review of an October 10, 2007 order of the BIA denying her motion to reopen. *In re Song Ying Huang*, No. A076 506 685 (B.I.A. Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Huang's untimely and number-barred motion to reopen.

Huang argues that the BIA erred in concluding that she failed to demonstrate changed country conditions excusing the time and numerical limitations for filing her motion to reopen and that the BIA abused its discretion by ignoring material evidence in the record. However, Huang cites no specific evidence that the BIA ignored and the record does not indicate that the BIA ignored any such evidence. *See id.; see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Moreover, we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao*, 546 F.3d at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).